IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE MICHIANA AREA ELECTRICAL WORKERS HEALTH & WELFARE FUND, TRUSTEES OF THE MICHIANA AREA ELECTRICAL WORKERS PENSION FUND and TRUSTEES OF THE MICHIANA AREA ELECTRICAL WORKERS MONEY PURCHASE PLAN<br>          Plaintiffs,<br><br>     v.<br><br>TGB UNLIMITED INC. d/b/a S/T BANCROFT ELECTRIC<br>          Defendant. | CASE NO.:   2:15-cv-446 |

# **COMPLAINT**

The Trustees of the Michiana Area Electrical Workers Health & Welfare Fund, Trustees of the Michiana Area Electrical Workers Pension Fund and Trustees of the Michiana Area Electrical Workers Money Purchase Plan, by their undersigned attorney, hereby complain of Defendant, **TGB Unlimited Inc. d/b/a S/T Bancroft Electric** as follows:

JURISDICTION AND VENUE

1.     This complaint is brought under, and this Court has jurisdiction pursuant to, Section 502(a)(3), (e)(1), and (f) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. § 1132(a)(3), (e)(1), and (f); and Section 301(a) of the Labor Management Relations Act of 1947, (hereinafter "LMRA"), as amended, 29 U.S.C. § 185(a).

2.     This action may properly be brought in the Northern District of Indiana, and venue is proper in this district, pursuant to the provisions of Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 29 U.S.C. § 1391(b) and (c), in that Plaintiffs' Funds offices are located in South

Bend, Indiana, the Funds are administered in the Northern District of Indiana, and the claims of the Plaintiffs arose therein.

## PARTIES

3. Plaintiffs are the Trustees of the Michiana Area Electrical Workers Health & Welfare Fund, Trustees of the Michiana Area Electrical Workers Pension Fund and Trustees of the Michiana Area Electrical Workers Money Purchase Plan (hereinafter the "Funds"), and are "fiduciaries" within the meaning of Sections 3(21)(a), 502(a)(3) and (g)(2) of ERISA, 29 U.S.C. §§ 102(21)(A), 1132(a)(3) and (g)(2). The Funds are "Employee Pension Benefit Plans" and "Pension Plans" within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and are therefore "Employee Benefit Plans" and "Plans" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 102(3). The Funds are also "multi-employer plans" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Funds were established and are maintained by employers engaged in commerce or in an industry affecting commerce, and by an employee organization representing employees engaged in commerce and in an industry engaged in commerce, within the meaning of Section 4(a) of ERISA, 29 U.S.C. § 1003(A).

4. TGB Unlimited Inc. d/b/a S/T Bancroft Electric ("Bancroft") is an Indiana corporation, whose principal place of business is in South Bend, Indiana.

5. Bancroft is an "employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## FACTUAL ALLEGATIONS

6. At all relevant times Bancroft was a party to a Collective Bargaining Agreement ("CBA") with IBEW Local 153 (hereinafter "the Union").

7. Bancroft also signed an Assent of Participation Agreement, which is part of the Revised Agreement and Declaration of Trust establishing the Michiana Area Electrical Workers Pension Fund, as amended and/or restated. ("Trust Agreement").

8. Bancroft has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the CBA, and agreements referred to therein.

9. The CBA required Bancroft to make periodic contributions on behalf of its employees to the Funds, in amounts established by the applicable CBA.

10. The Trust Agreement provides in pertinent part:

> **Section 3.5 <u>Collection of Contributions</u>:**
>
> The Trustees may at any time have an audit made by an independent certified public accountant of the payroll, wage and other relevant financial records of the Employer in connection with the contributions and reports due from such Employer under this Agreement.   In the event such audit shows the Employer has not made the required contributions, then such Employer shall be obligated to pay all auditing fees and other costs incurred by the Trustees in connection with such audit in addition to all other payments due by such Employer.
> The Trustees in their names as Trustees shall have the power to demand, collect, receive and hold Employer contributions and may take such steps, including the institution of prosecution of or the intervention in any proceeding at law, in equity or in bankruptcy as may be necessary or desirable to accomplish the collection of any Employer contribution.
> Non-payment by any Employer, of any contribution or other monies owed to the Fund, shall not relieve any other Employer from his or its obligation to make required payments to the Trust Fund.

11. Bancroft has violated its obligations under the CBA, the terms of the Trust Agreement, Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145, and Section 301(a) of LMRA, 29 U.S.C. § 185(a), in that it has failed to pay contributions owed to Plaintiffs' funds, as set forth in a payroll audit for the period of January 2014 through April 2015.

12. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant is ordered to specifically perform

all of its obligations required under the CBA, specifically payment of all Fund contributions and ancillary costs.

WHEREFORE, Plaintiffs pray that the Court enter a Judgment and Order, pursuant to the provisions of Sections 502(a)(3) and (g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and (g)(2):

A. Finding and declaring that Defendant is in violation of the Collective Bargaining Agreement, the Trust Agreement, Section 515 of ERISA, 29 U.S.C. § 1145 and Section 301(a) of LMRA, 29 U.S.C. § 185(a);

B. Ordering Defendant to pay to the Funds all delinquent amounts and all amounts owed pursuant to the audit report;

C. Ordering Defendant to pay to the Funds interest on all delinquent contributions;

D. Ordering Defendant to pay to the Funds liquidated damages in the amount of 20% of all delinquent contributions;

E. Ordering Defendant to pay to the Funds their reasonable attorneys' fees and costs, including costs of the payroll audit; and

F. Granting Plaintiffs such other and further relief as the Court may deem just.

By:   /s/   Teresa A. Massa
       Teresa A. Massa, #16133-45
       1158 W. Lincolnway, Ste. 2
       Valparaiso, Indiana   46385
       (219) 465-1766
       Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

       This is to certify that a copy of the foregoing Complaint has been served by certified mail return receipt requested, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(h) this 9th day of December, 2015, on the following:

| | |
|---|---|
| The Office of Division Counsel<br>Associate Chief Counsel (TE/GE) CC:TEGE<br>Room 4300<br>1111 Constitution Ave.<br>Washington, D.C.   20224 | Secretary of Labor<br>200 Constitution Ave., N.W.<br>Washington, D.C.   20210<br>Attn:   Asst Solicitor for Plan Benefits Security |

                                                /s/   Teresa A. Massa