UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TRUSTEES OF THE MICHIANA AREA ELECTRICAL WORKERS HEALTH & WELFARE FUND, TRUSTEES OF THE MICHIANA AREA ELECTRICAL WORKERS PENSION FUND and TRUSTEES OF THE MICHIANA AREA ELECTRICAL WORKERS MONEY PURCHASE PLAN, | ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CAUSE NO.: 2:15-CV-446-TLS |
| TGB UNLIMITED, INC. d/b/a S/T BANCROFT ELECTRIC and WEST BEND MUTUAL INSURANCE COMPANY, | ) ) ) ) ) |
| Defendants. | ) |

**AMENDED OPINION AND ORDER**

This matter comes before the Court on the Plaintiffs' Motion for Damages [ECF No. 45]. On September 28, 2017, the Court issued an Opinion and Order [ECF No. 48] granting the Plaintiffs' Motion for Summary Judgment [ECF No. 35], but ordering the Clerk to withhold entry of judgment until the issues of damages, costs, a contractor's bond, and attorney fees were briefed by the parties and resolved by the Court. The parties have briefed the issues, which are now ripe for review.

## BACKGROUND

The instant case began when the Plaintiff Funds[1] sought unpaid contributions from Defendant TGB Unlimited d/b/a S/T Bancroft Electric and a judgment against West Bend Mutual Insurance Company as a surety of Bancroft Electric's contractor's bond (the "Contractor's Bond") under the Employment Retirement Income Security Act ("ERISA"). On September 28, 2017, the Court issued an Opinion and Order granting the Plaintiffs' Motion for Summary Judgment and found that there was no genuine issue of material fact concerning TGB's liability for the unpaid contributions. The Court further found that there was no genuine issue of material fact concerning West Bend's liability for the Contractor's Bond ($6,500). The Court, however, ordered the Clerk to withhold judgment until the parties had briefed the issues related to damages, costs, contractor's bond, and attorney fees.

The Plaintiffs have produced evidence that the unpaid contributions total $36,164.40 (ECF No. 36-18), and that the accompanying payroll audit (the "Payroll Audit") cost $514.30, (ECF No. 36-17). The Plaintiffs further provided an affidavit of itemized attorney fees ($32,501.25) and costs ($2,277.39). (*See* ECF No. 46, Exs. 2, 2-A.) The Plaintiffs further contend they continue to incur additional attorney fees totaling $1,215.00 in reviewing recent filings by Defendants and in preparation of its Reply brief to the Motion for Damages. (*See* ECF No. 54, Ex. 2-B.)

The Defendants object to the Motion for Damages on multiple grounds. First, the Defendants attempt to re-litigate whether the Plaintiffs' noncompliance with the parties' Collective Bargaining Agreement Collection Policy affects damages. Second, the Defendants

---

[1] Trustees of the Michiana Area Electrical Works Health and Welfare Fund, Trustees of the Michiana Area Electrical Workers Pension Fund, and the Michiana Area Workers Money Purchase Plan are jointly referred to as "the Funds" or "the Plaintiffs."

raise a defense based on ERISA's de minimus rule, which applies to withdrawal liability rather than unpaid contributions. Third, the Defendants assert that, despite liability on the entirety of the Payroll Audit, they should be required to pay only the unpaid contributions to the funds present in the current litigation. Fourth, the Defendants argue that they should not have to pay past contributions to the Plaintiffs' Health and Welfare Fund. Finally, the Defendants assert that the Plaintiffs' attorney fees are unreasonable, and attack both the billing rate and specific itemized entries provided by Plaintiffs' counsel.

## DISCUSSION

**A.     ERISA Remedies**

In its Opinion and Order, the Court found Defendant TGB liable for its unpaid contributions, which the Plaintiffs have shown to total $36,164.40.[2] Delinquent contributions are enforceable under 29 U.S.C. § 1132. When the Court enters judgment on behalf of a plan in an action brought by a fiduciary, such as the Trustee-Plaintiffs, for or on behalf of a plan to enforce contribution obligations, "the court *shall* award the plan" unpaid contributions, interest on the unpaid contributions, double interest or liquidated damages, reasonable attorney fees and costs, and any other relief the Court deems appropriate. 29 U.S.C. § 1132(g)(2) (emphasis added). A multiemployer plan may recover audit costs under § 1132(g)(2)(E). *Moriarty ex rel. Local Union No. 727 v. Svec*, 429 F.3d 710, 721 (7th Cir. 2005). Here, the Plaintiffs submitted evidence that the audit cost is $514.30.

---

[2] While Defendant TGB is liable for the entirety of the $36,164.40 in unpaid contributions, Defendant West Bend is also jointly and severally liable for $6,500.00 of the unpaid contributions. The $6,500.00 represents the value of the Contractor's Bond West Bend withheld from Plaintiffs. (*See* Op. & Order 12–13.)

The "double interest" provision provides that, on top of an initial interest award, the prevailing plan is entitled to either a second award of interest on the unpaid contributions or 20% of the unpaid contributions, whichever is greater. 29 U.S.C. § 1132(g)(2)(C)(i)–(ii). The interest penalty provision applies to contributions that are unpaid at the date of suit. *See Operating Eng'rs Local 139 Health Benefit Fund v. Gustafson Constr. Corp.*, 258 F.3d 645, 654 (7th Cir. 2001). These statutory remedies are mandatory. *See Moriarty*, 429 F.3d at 720–21. In the instant case, the liquidated damages for the withdrawal liability total $7,232.88.[3]

The Plaintiffs have submitted evidence that their attorney fees total $33,716.25,[4] with an additional $2,277.39 in costs. The Court has wide discretion to determine whether attorney fees are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In the Seventh Circuit, district courts must examine whether attorney fees represent a large multiple of the damages claimed or recovered, and also explain the claimed hourly rate. *Moriarty*, 233 F.3d at 965, 968. However, attorney fees are not required to be calculated proportionally to damages. *Anderson v. AB Painting & Sandblasting, Inc.*, 578 F.3d 542, 545 (7th Cir. 2009) (reversing district court that held $50,000 in attorney fees could not be justified to collect $5,000 in damages). Here, attorney fees are slightly below, but nearly equal to, the unpaid contribution amount.

To date, Attorney Teresa A. Massa has worked 149.85 hours on the case. The case has spanned nearly two years, and the number of hours worked involved discovery, briefing for a

---

[3] "The Plaintiffs do not seek interest in light of the award of liquidated damages as calculated by the Court." (ECF No. 46 at 2–3.) As explained above, the Plaintiffs are entitled to a mandatory statutory award that includes *both* liquidated damages *and* an additional award of interest on the unpaid contributions as of the day of suit. *See* 29 U.S.C. § 1132(g)(2); *see also Operating Eng'rs Local 139 Health Benefit Fund*, 258 F.3d at 654.

[4] The Plaintiffs have included in their latest Reply attorney fees ($1,215.00) for preparing their Reply and reviewing new filings by Defendants. (*See* ECF No. 54, Ex. 2-B.)

summary judgment motion, and briefing for damages. Further, Plaintiffs have submitted a detailed time schedule and affidavit to support the attorney fees and cost calculation. Attorney Massa billed at $225.00 per hour, which is in line with rates for similar cases. *See, e.g.*, *Local 1546 Welfare Fund v. BBHM Mgmt. Co.*, No. 08 C 6133, 2011 WL 1740034, at *2 (N.D. Ill. May 5, 2011); *Misch v. Piping Techs. N., Inc.*, No. 2:06-CV-425, 2010 WL 535713, at *1 (N.D. Ind. Feb. 4, 2010). The total time spent on the case is also in line with similar ERISA collection cases. *See Chi. Reg'l Council of Carpenters Pension Fund v. Rink Sys., Inc.*, No. 13 C 4886, 2014 WL 5863156, at *2 (N.D. Ill. Nov. 12, 2014). Given the Plaintiffs' highly detailed submission, the Court can make the finding that the requested fees and costs are reasonable. The Defendants object on multiple grounds, and the Court will address each objection in turn.

### B. Defendants' Damages Objections

The Court does not find the Defendants' objections to damages persuasive, but will address each concern regardless.

#### 1. *Collection Policy Compliance*

The Defendants begin their objections by arguing that the Plaintiffs were required by their own Collection Policy to bill TGB within 30 days, that the Plaintiffs failed to do so, and that the Plaintiffs should therefore be barred from recovering any unpaid contributions. The Court specifically addressed this issue in its Opinion and Order issued on September 28, 2017, and found that the Defendants were liable for the unpaid contributions even though the Plaintiffs did not strictly comply with the Collection Policy. (Op. & Order 11–12.) The Court declines to reconsider its reasoning in its September 28, 2017, Opinion and Order. Additionally, the

Defendants appear to be mistaken as to the source for the liquidated damages award. For clarification, and as stated above, liquidated damages flow from a mandatory statutory award under ERISA rather than the Collection Policy.

2.  *The De Minimis Rule*

The Defendants' second objection involves the de minimis rule, 29 U.S.C. § 1389, which applies only to an employer's withdrawal liability. *See Connolly v. Pension Ben. Guar. Corp.*, 475 U.S. 211, 226 n.8 (1986). However, the instant action is one for unpaid contributions, not withdrawal liability. The de minimis rule therefore does not apply. All liability in the instant case stems from unpaid contributions. The Defendants cite no case law in support of this de minimis rule objection, and the Court will not apply it.

3.  *Required Payment to All Funds*

In its Opinion and Order, the Court found TGB liable for all unpaid contributions included in the Payroll Audit, and that the Plaintiffs requested all amounts owed pursuant to the audit report. (Op. & Order 10.) TGB does not contest its total liability under the Payroll Audit, but rather suggests that Plaintiffs can properly collect only the unpaid contributions owed to them specifically rather than additional National Electrical Contractors Association funds listed in the Payroll Audit. The Court has already found TBG liable for the entire amount listed in the Payroll Audit. Additionally, as TGB showed, the National Electrical Contractors Association accepts a single check for fringe benefits from all employers, and then deposits the appropriate amount in each respective fund. (Defs.' Obj to Mot. for Damages, ECF No. 49, Ex. 1.)

Therefore, awarding the entire unpaid contribution amount to the Plaintiffs will be consistent with the practice that would have taken place if TGB paid its contributions in a timely manner.

### 4. *Health and Welfare Fund Unpaid Contributions*

The Defendants next complain that unpaid contributions to the Health and Welfare Fund cannot pay for past health benefits, therefore Plaintiffs should not be able to collect this portion of the unpaid contributions. The Collective Bargaining Agreement required TGB to pay contributions to various funds regardless of whether any participant made a claim to one of the funds. TGB was bound by the Collective Bargaining Agreement and needed to contribute accordingly. TGB did not contribute, and it is liable for those unpaid contributions that it failed to make. As such, unpaid contributions to the Health and Welfare Fund are included in TGB's unpaid contribution liability.

### 5. *Reasonable Attorney Fees*

Finally, the Defendants object to both the hourly rate billed by the Plaintiffs' counsel, as well as specific tasks for which she billed. As described above, the hourly rate charged by the Plaintiffs' counsel is reasonable and on par with similar cases. Additionally, in her Reply, the Plaintiffs' counsel adequately addresses each line and time objection made by Defendants. The Court finds that the explanations provided by the Plaintiffs' counsel support her records, and are reasonable. Given that, as stated previously, the total amount of time is also on par for similar cases, the Court finds the Plaintiffs' counsel requested reasonable attorney fees totaling $33,716.25 and costs totaling $2,277.39.

**CONCLUSION**

For these reasons, the Court GRANTS the Plaintiffs' Motion for Damages [ECF No. 45]. The Court DIRECTS the Clerk of Court to VACATE the Court's December 18, 2017, Opinion and Order [ECF No. 56]. Further, the Court DIRECTS the Clerk of Court to enter an amended judgment in favor of the Plaintiffs and against Defendants TGB Unlimited d/b/a S/T Bancroft Electric and West Bend Mutual Insurance Company. The Plaintiffs are awarded $79,905.22 against Defendant TGB Unlimited, in the following breakdown:

- $36,164.40 in unpaid contributions, including the value of the Contractor's Bond ($6,500) for which Defendant West Bend Mutual Insurance is jointly and severally liable;
- $7,232.88 in mandatory liquidated damages;
- $33,716.25 in attorney fees and $2,277.39 in costs; and
- $514.30 for the cost of the payroll audit;

Finally, the Plaintiffs are also entitled to a statutory award of interest on the $36,164.40 in unpaid contributions outstanding at the time the Plaintiffs filed suit.

SO ORDERED on December 21, 2017.

                                                  s/ Theresa L. Springmann
                                                  CHIEF JUDGE THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT